UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

DEREK MORTLAND,                                    )  Case No. 2:25-cv-386

Plaintiff,                                         )  Judge

v.                                                 )

AADI 95 CORP, an Indiana corporation for profit,   )

Defendant.                                         )

                                                   )

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

NOW COMES Derek Mortland, individually, by and through the undersigned counsel, Owen B. Dunn, Jr., who hereby files this Complaint against the named Defendant AADI 95 CORP, an Indiana corporation for profit, for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

## JURISDICTION AND VENUE

1. This action is brought by the Plaintiff, Derek Mortland, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the

United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Northern District of Indiana as venue lies in the judicial district of the property *situs*.  The Defendant's property and/or operations, as complained of by Plaintiff, are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## PARTIES

4. Plaintiff, Derek Mortland("Plaintiff" or "Mr. Mortland"), is a Franklin County, Ohio resident, is *sui juris*, and qualifies as an individual with a disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. Defendant AADI 95 CORP owns the property located at 8311 Ohio St, Merrillville, IN 46410 in Lake County, which is a hotel known as the Country Inn & Suites by Radisson.

6. Plaintiff has patronized Defendant's property and the facilities thereon previously as a place of public accommodation, and he has experienced the barriers to access complained of herein.

7. The hotel owned and operated by the Defendant was originally built by the Defendant or its predecessor in interest commencing in 2005 and granted permits for occupancy in 2005 as well as underwent extensive renovation and alteration by the Defendant (or its predecessor) in 2019 and is non-compliant with the remedial provisions of the ADA for newly designed and constructed or altered facilities. Full compliance with the implementing regulations of the ADA is required for this hotel unless it would be

structurally impracticable in which case compliance is required to the extent that it is not structurally impracticable.

8. The hotel owned or operated by the Defendant is non-compliant with the remedial provisions of the ADA. As the Defendant either owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, the Defendant is responsible for complying with the obligations of the ADA.  Defendant's hotel is a place of public accommodation.  Defendant's property and business fail to comply with the ADA and its regulations, as also described further herein.

9. Mr. Morland is an individual diagnosed with spinal paralysis and permanently uses a wheelchair for mobility. As such, Plaintiff is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto.

10. Mr. Mortland is employed as an ADA speaker, consultant, expert and ADA coordinator, with one aspect of his expertise focusing on inspection of places of public accommodation for ADA compliance and in that capacity has consulted for private clients throughout Indiana and continues to do so routinely throughout Northern Indiana.

11. On October 1-2, 2023 and May 7-8, 2025, Plaintiff was an overnight guest at the Defendant's hotel while conducting business in the immediate area, and he plans to return to the property to avail himself of the goods and services offered to the public at the property.  The Plaintiff has encountered architectural barriers at the subject property.  The barriers to access at the property have endangered his safety, have caused him actual damages by diminishing his ability to utilize services held out to be accessible in the

hotel's common areas and within his mobility accessible guestroom, and restricted and limited his protected access to Defendant's place of public accommodation.

12. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint.  Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit the Defendant's place of business again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the restaurant without fear of discrimination.

13. The Defendant has discriminated against the individual Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

14. The Defendant has discriminated, and are continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less).

15. A preliminary inspection of the hotel owned or operated by the Defendant has shown that many violations of the ADA exist at the subject property. These violations include, but are not limited to:

**Accessible Routes and Parking:**

A. The passenger loading zone does not provide a vehicle pull-up space with marked access aisle, in violation of the ADA Sections 503.2 and 503.3 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

B. There are no designated van accessible parking spaces, in violation of the ADA and Sections 208.2.4 and 502.6 of the 2010 Standards and 1991 ADAAG section 4.6.3, whose remedy is strictly required or, at minimum, readily achievable.

C. Designated parking access aisles do not lead to an accessible route due to the presence of curbs, in violation of the ADA and Section 502.3 of the 2010 Standards and 1991 ADAAG Section 4.6.3, whose remedy is strictly required or, at minimum, readily achievable.

D. Some designated accessible parking spaces entirely lack signage, in violation of the ADA section 502.6 of the 2010 Standards and 1991 ADAAG section 4.6.4, whose remedy is strictly required, or at minimum, readily achievable.

## **Access to Goods and Services**

E. The point-of-sale machines at the registration counter are located above allowable reach, range, in violation of the ADA and Section 308.2.1 and 308.2.2 of the 2010 Standards and 1991 ADAAG Section 4.2.5, whose remedy is strictly required or, at minimum, readily achievable.

F. Breakfast amenities including coffee dispensers, juice dispensers, and condiments are located above allowable reach range, in violation of the ADA and Section 308.2.1 and 308.2.2 of the 2010 Standards and 1991 ADAAG Sections 5.1 and 4.32, whose remedy is strictly required or, at minimum, readily achievable.

G.  There are no accessible dining surfaces in the breakfast area due to pedestal tables lacking required clear floor space, in violation of the ADA and Sections 226.1 and 902.2 of the 2010 Standards and 1991 ADAAG Section 4.2.5, whose remedy is strictly required or, at minimum, readily achievable.

H.  In the fitness room there is not at least 36 inches of maneuvering clearance between fitness equipment, in violation of the ADA and section 403.5.1 of the 2010 Standards and 1991 ADAAG Section 4.3.3, whose remedy is strictly required or, at minimum, readily achievable.

I.  The clear floor space to access the paper towel dispenser in the fitness room is obstructed, in violation of the ADA and section 305.3 of the 2010 Standards and 4.2.4.1 of the 1991 Standards, whose remedy is strictly required or, at minimum, readily achievable.

J.  The exit door to the fitness room lacks required maneuvering clearance at the latch side to exit, in violation of the ADA and Section 404.2.4.1 of the 2010 Standards and 1991 ADAAG section 4.13.6, whose remedy is strictly required or, at minimum, readily achievable.

K.  The fitness room thermostat is located above allowable obstructed and unobstructed reach range partly due to a water dispenser, in violation of the ADA and Section 308.2.1/2 of the 2010 Standards and 1991 ADAAG Section 4.2.5, whose remedy is strictly required or, at minimum, readily achievable.

L.  The pool lift is inoperable with no power, in violation of the ADA and Section 242.2 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

M.  The first aid kit near the pool is located above allowable reach range, in violation of the ADA and Section 308.2.1 of the 2010 Standards and 1991 ADAAG Section 4.2.5, whose remedy is strictly required or, at minimum, readily achievable.

N.  The clear floor space to operate the life saving equipment is obstructed by furniture in violation of the ADA and Section 305.3 of the 2010 Standards and 1991 ADAAG Section 4.2.4.1, whose remedy is strictly required or, at minimum, readily achievable.

O.  The door to enter the guest laundry room lacks required maneuvering clearance at the latch side to exit, in violation of the ADA and Section 404.2.4.1 of the 2010 Standards and 1991 ADAAG section 4.13.6, whose remedy is strictly required or, at minimum, readily achievable.

P.  The work surface counter height in the guest laundry room exceeds allowable height, in violation of the ADA and Section 902.3 of the 2010 Standards and 1991 ADAAG section 4.32.4, whose remedy is strictly required or, at minimum, readily achievable.

Q.  The public vending machine has operable parts that are located above allowable reach range, in violation of the ADA and Section 308.2.1 of the 2010 Standards and 1991 ADAAG Section 4.2.5, whose remedy is strictly required or, at minimum, readily achievable.

**Lobby Restrooms**

R.  The men's restroom doors require greater than five pounds of force to operate, in violation of the ADA and Section 404.2.9 of the 2010 Standards and 1991 ADAAG Section 4.13.11(2), whose remedy is strictly required or, at minimum, readily achievable.

S.  In the men's lobby restroom, the mirror exceeds 40 inches in height from the finish floor to the reflective surface, in violation of the ADA and Section 603.3 of the 2010 Standards

and 1991 ADAAG Section 4.19.2, whose remedy is strictly required or, at minimum, readily achievable.

T.  The door to exit the men's restroom lacks required maneuvering clearance at the latch side due to trash can, in violation of the ADA and Section 404.2.4.1 of the 2010 Standards and Section 4.13.6 of the 1991 Standards, whose remedy is strictly required or, at minimum, readily achievable.

U.  In the men's restroom, the paper towel dispenser is mounted above the maximum reach range of 48" to its operable parts above the finish floor, in violation of the ADA and Section 308.2.1 of the 2010 Standards and 1991 ADAAG Section 4.2.5, whose remedy is strictly required or, at minimum, readily achievable.

V.  In the men's restroom, the soap dispenser is mounted above the maximum reach range of 48" to its operable parts above the finish floor, in violation of the ADA and Section 308.2.1 of the 2010 Standards and 1991 ADAAG Section 4.2.5, whose remedy is strictly required or, at minimum, readily achievable.

W.  The men's restroom water closet is located too far from the side wall, in violation of the ADA and Section 604.2 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

X.  In the men's restroom, the side grab bar does not meet required length and is not mounted as required, in violation of the ADA and Section 604.5.1 of the 2010 Standards and 1991 ADAAG Section 4.16.4, whose remedy is strictly required or, at minimum, readily achievable.

Y.  Upon information and belief, there are similar barriers to accessibility in the women's restroom, in violation of the ADA whose remedy is strictly required or, at minimum, readily achievable.  A survey of the women's restroom is required.

**Designated Mobility-Accessible Guestroom #103**

Z.  The entrance door lacks compliant maneuvering clearance at the latch side to exit, in violation of the ADA and Section 404.2.4.1 of the 2010 Standards and 1991 ADAAG section 4.13.6, whose remedy is strictly required or, at minimum, readily achievable.

AA.  Door locking hardware is located above allowable reach range, in violation of the ADA and Section 308.2.1 of the 2010 Standards and 1991 ADAAG Section 4.2.5, whose remedy is strictly required or, at minimum, readily achievable.

BB.  Directional signage on the room door is noncompliant, in violation of the ADA and Section 216.3 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

CC.  The adjoining room door lacks compliant maneuvering clearance at the latch side to enter, in violation of the ADA and Section 404.2.4.1 of the 2010 Standards and 1991 ADAAG section 4.13.6, whose remedy is strictly required or, at minimum, readily achievable.

DD.  Adjoining room door locking hardware requires tight grasping or twisting to operate, in violation of the ADA and Section 309.4 of the 2010 Standards and 1991 ADAAG Section 4.13.9, whose remedy is strictly required or, at minimum, readily achievable.

EE. The desk lacks compliant knee clearance, in violation of the ADA and Section 306.3.3 of the 2010 Standards and 1991 ADAAG Section 4.32.3, whose remedy is strictly required or, at minimum, readily achievable.

FF. The water closet flush control is not located on the open side of the unit, in violation of the ADA and Section 604.6 of the 2010 Standards and 1991 ADAAG Section 4.16.5, whose remedy is strictly required or, at minimum, readily achievable.

GG. The water closet is located too far from the side wall, in violation of the ADA and Section 604.2 of the 2010 Standards and 1991 ADAAG Section 4.16.2, whose remedy is strictly required or, at minimum, readily achievable.

HH. The water closet rear grab bar does not extend at least 24 inches from the centerline of the water closet toward the open side, in violation of the ADA and Section 604.5.2 of the 2010 Standards and Section 4.16.4 of the 1991 Standards, whose remedy is strictly required or, at minimum, readily achievable.

II. The restroom lavatory pipes are not insulated to protect against scalding or contact, in violation of the ADA and Section 606.5 of the 2010 Standards and 1991 ADAAG Section 4.19.4, whose remedy is strictly required or, at minimum, readily achievable.

JJ. The shower sprayer is not located on the back wall and is located above allowable reach range, in violation of the ADA and Sections 608.5.2 and 308.2.1 of the 2010 Standards and 1991 ADAAG Section 4.21.5, whose remedy is strictly required or, at minimum, readily achievable.

KK. The shower sprayer hose does not meet required length of 59 inches, in violation of the ADA and Section 608.6 of the 2010 Standards and 1991 ADAAG Section 4.21.6, whose remedy is strictly required or, at minimum, readily achievable.

LL. The roll-in shower compartment does not meet required opening width of 60 inches, in violation of the ADA and Section 608.2.2 of the 2010 Standards and 4.21.2 of the 1991 Standards, whose remedy is strictly required or, at minimum, is readily achievable.

MM. There is no fixed seat in the roll-in shower compartment, in violation of the ADA and section 608.4 of the 2010 ADA Standards and 1991 ADAAG sections 9.1.2, figure 57(a), figure 57(b) and 4.21.3, whose remedy is strictly required or, at minimum, readily achievable..

NN. Inside the guestroom, amenities such as the closet shelf, clothing rod, iron, and coffee supplies are located in excess of allowable reach range, in violation of the ADA and Section 308.2 of the 2010 Standards and Section 4.2.5 of the 1991 Standards whose remedy is strictly required or, at minimum, readily achievable.

**Accessible Guestrooms Generally**

OO. The hotel has a legally insufficient total number of guestrooms fitted with mobility accessible features. Whereas, for a property with 62 guestrooms such as this Country Inn & Suites by Radisson Merrillville, there must be a minimum of three mobility accessible guestrooms without a roll-in shower and a minimum of one mobility accessible guestrooms with a roll-in shower, totaling four designated mobility accessible guestrooms, in violation of sections 224.2 of the 2010 ADA Standards and 1991 ADAAG section 9.1.2, whose remedy is strictly required or at minimum is readily achievable.

PP. Upon information and belief, Derek Mortland believes substantially similar barriers to handicap access for the mobility impaired exist in all guestrooms that are designated as mobility accessible guestrooms throughout the hotel (not just rooms #103). Including the

other roll-in shower fitted mobility accessible guestrooms and bathtub fitted mobility accessible guestrooms.

QQ.     Upon information and belief, the hotel's designated accessible guestrooms are not disbursed among the various classes of guestrooms, whereas the property offers several different types of rooms in different class, suites, and various bed arrangements. However, guests who require mobility accessible accommodations are restricted to a an accessible King bed room or 2 Queen bed room, whereas able-bodied patrons and guests have access to reserve and stay at the full range of room classes including 1 king bed suites; 1 king bed with sofabed; and 2 queen bed with sofabed guestrooms. This is in violation of the ADA and its remedy is strictly required or, at minimum, is readily achievable.

**Policies and Procedures**

RR.     The Defendant lacks or has inadequate defined policies and procedures for the assistance of disabled patrons, in violation of the ADA whose remedy whose remedy is strictly required or at minimum is readily achievable.

SS. The Defendant's inadequate procedures for the benefit of its patrons with disabilities extend to its failure to conduct a self-survey of its facilities and amenities that has resulted in discriminatory conduct toward Derek Mortland.

16. The discriminatory violations described in Paragraph 15 by the Defendant are not an exclusive list of the ADA violations believed to exist at the place of public accommodation.  Plaintiff requires further inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.  The Plaintiff has been denied access to

Defendant's accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendant, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITES ACT

17. Plaintiff restates the allegations of ¶¶1-16 as if fully rewritten here.

18. The hotel at issue, as owned and/or operated by the Defendant, AADI 95 CORP constitutes a public accommodation and service establishments, and as such, must be, but are not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

19. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendant's failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq.* Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facilities, including those specifically set forth herein, and make the hotel accessible to and usable by persons with disabilities, including Plaintiff.

20. The Plaintiff, and others similarly-situated, is presently without adequate remedy at law

and is being damaged by irreparable harm. Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the facility, including those set forth herein.

21. Pursuant to 42 U.S.C. §12187 and §12188, Plaintiff requests that the Court issue an injunction requiring Defendant to come into full compliance with the implementing regulations of the ADA as is required for this hotel unless it would be structurally impracticable or at minimum to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff request reasonable attorney's fees and costs of maintaining this action.

### COUNT II
### VIOLATION OF INDIANA CIVIL RIGHTS LAW
### In. Code §22-9-1 et seq.

22. Plaintiff restates the allegations of ¶¶1-21 as if fully rewritten here.

23. The Defendant, AADI 95 CORP, owns or operates a "place[s] of public accommodation" pursuant to In. Code §22-9-1-3(m).

24. Defendant committed an unlawful act pursuant to In. Code §22-9-1-2(a) by denying Plaintiff the full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges. To wit there are elements inside the hotel that are violations of the implementing regulations of the ADA, International Code Council A117.1-2017 Accessible and Usable Buildings and Facilities (ICC A117.1-2017) and Indiana building codes. And the barriers and violations caused Derek Mortland harm and an inability to utilize all the hotel's accessible amenities for which he had paid.

25. Pursuant to In. Code §22-9-1-6, Plaintiff is entitled to compensatory and punitive damages, and attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendant to come into full compliance with the implementing regulations of the ADA as is required for this property unless it would be structurally impracticable or at minimum to make such readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorney's fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and exemplary damages, attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.


Respectfully Submitted,

*Co-Counsel for Plaintiff:*

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq. (0074743) *
Law Offices of Owen Dunn, Jr.
The Offices of Unit C
6800 W. Central Ave., Suite C-1
Toledo, OH 43617
(419) 241-9661 – Phone

(419) 241-9737 - Facsimile
Email: obdjr@owendunnlaw.com
*admitted to the bar for Northern District of Indiana

And

Brian A. Hizer, Esq. (0075033)*
Law Office of Brian A. Hizer
The Offices of Unit C
6800 W. Central Ave., Suite C-1
Toledo, OH 43617
Phone : 419-841-3600
Fax : 419-842-9966
Email: brianahizer@bex.net
  *admitted to the bar for Northern District of
Indiana